## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| **STEPHANE SIANTOU,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-00026 |
| | § | |
| **JPMORGAN CHASE & CO. d/b/a** | § | |
| **CHASE BANK,** | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase & Co. d/b/a Chase Bank, more properly identified as JPMorgan Chase Bank, N.A., ("***Chase***"), pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal of the state-court civil action described below on the basis of federal question jurisdiction. As grounds for removal, Chase respectfully states the following:

### I. INTRODUCTION

1. On or about November 29, 2022, Stephane Siantou ("***Plaintiff***") filed Plaintiff's Original Petition and Jury Demand against Chase (the "***Complaint***"), numbered and styled as *Stephane Siantou vs. JP Morgan Chase & Co. d/b/a Chase Bank*, Case No. D-22-0098J11, in the Justice Court, Precinct 1, of Howard County, Texas ("***State Court Action***").

2. In his Complaint, Plaintiff alleged violations of the Deceptive Trade Practices Act, along with other common law claims.

3. On January 10, 2023, Plaintiff amended his Complaint in a pleading titled "Plaintiff's Reply to Defendant's Answer to Plaintiff [sic] Complaint" ("***Amended Complaint***").

4. In the Amended Complaint, Plaintiff alleges violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et. seq* ("***ECOA***").

5. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Chase are attached hereto and marked as **Exhibit "A"** and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

6. Plaintiff filed his Amended Complaint on or about January 10, 2023, and served Chase with the Amended Complaint on or about January 18, 2023. Therefore, this Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b).

7. The time period for filing a responsive pleading in the State Court Action has not expired as of the filing of this Notice of Removal. Further, no orders have been entered and trial has not commenced in the State Court Action as of the filing of this Notice of Removal.

## III. BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

8. Removal is proper because Plaintiff's claims in the Amended Complaint present a federal question. 28 U.S.C. §§ 1331 and 1441(a). Specifically, Plaintiff asserts a claim and seeks damages against Chase for alleged violations of ECOA, a federal statute over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. By virtue of this pleaded claim, the Court has federal question jurisdiction over this case.

9. Moreover, any of Plaintiff's claims based on state law may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

## IV. ADDITIONAL REQUIREMENTS

10. Venue is proper in the United States District Court for the Northern District of Texas, Abilene Division, because this district and division include Howard County, Texas, the location where the State Court Action is currently pending.[1]

---

[1] 28 U.S.C. § 124(a)(3) (stating that the Abilene Division of the Northern District includes Howard County).

11.     Promptly after the filing of this Notice of Removal, Chase shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Justice Court Clerk of Howard County, Texas.

12.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.[2]

13.     Plaintiff did demand a jury trial in his Amended Complaint.

14.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Chase respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, Chase respectfully prays that the State Court Action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

---

[2] *See* 28 U.S.C. § 1446(a).

Respectfully submitted,

By: */s/ Justin K. Sauls*
    **GREGG D. STEVENS**
    Texas Bar No. 19182500
    **JUSTIN K. SAULS**
    State Bar No. 24079276
    **MCGLINCHEY STAFFORD**
    Three Energy Square
    6688 North Central Expressway, Suite 400
    Dallas, Texas 75206
    Telephone: (214) 445-2445
    Facsimile: (214) 445-2450
    gstevens@mcglinchey.com
    jsauls@mcglinchey.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2023 the above and foregoing was mailed to the Clerk of Court for filing. Notice of this filing has been forwarded to all parties of record as indicated below:

*Via CM/RRR NO. 9414 7266 9904 2207 9396 38*
*and First Class US Mail*
Stephane Siantou, Pro Se
714 Baylor Blvd.
Big Spring, TX 79720
Telephone: (703) 307-1758
Email: wantousi@yahoo.com

*Pro Se Plaintiff*

                                              */s/ Justin K. Sauls*
                                              **JUSTIN K. SAULS**