IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STEPHANE SIANTOU, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-00026 |
| § | |
| JPMORGAN CHASE & CO. d/b/a § | |
| CHASE BANK, § | |
| § | |
| *Defendant.* § | |

# ORDER

On this date, the Court considered Defendant's pending Motion for Summary Judgment and the Motion for Judgment on the Pleadings (that was carried) and finds that Defendant's Motions are meritorious and should be granted.

The Court further considered Plaintiff's Motion to Stay Proceedings Pending Plaintiff's Petition for Writ of Mandamus and/or Prohibition or Alternatively (Plaintiff's Third Rule 56(d) Motion to Deny Defendant's Motion for Summary Judgment or Alternatively for Extension of Time to File Response to Defendant's Motion for Summary Judgment) Alternative Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment, or Alternatively Plaintiff's Rule 56(d) Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment. The Court finds that Plaintiff's Motion (and alternative Motions within said filing) is/are not meritorious and should be denied. The Court has previously denied Plaintiff's prior and untimely Amended Rule 56(d) Motion that was directed at Defendant's Motion for Judgment on the Pleadings. A Rule 56(d) motion was not procedurally proper in regards to a motion for judgment on the pleadings. As such, the Court

previously found that Plaintiff's request for an extension to respond to the pending Motion for Summary Judgment was granted to the extent Plaintiff was allowed to file a late response to Defendant's pending Motion for Summary Judgment within 30 days from the date of that order.

As previously noted in the Court's prior Orders, the Court intended to carry Defendant's pending Motion for Judgment on the Pleadings into the consideration of Defendant's pending Motion for Summary Judgment in order to have a procedurally clean review of any submitted evidentiary documents that are/were referenced by the Parties.[1] *See* Fed. R. Civ. P. 12(d). Further, Plaintiff was granted additional time to file a response to Defendant's pending motions. Rather than do so, Plaintiff continued to delay and not file any response.

The Court has previously noted Plaintiff's chief complaint in filing a response is that Defendant has not cooperated in scheduling depositions. The Court has previously denied Plaintiff's Amended Rule 56(d) Motion (which replaced the prior-filed motion under Rule 56(d)). As noted, said Amended Rule 56(d) Motion was untimely and Defendant included evidence in its Response indicating that counsel for Defendant had repeatedly attempted to confer with Plaintiff by telephone to set a time and date for depositions. Yet, the evidence further indicated that Plaintiff refused to confer by telephone to agree at a mutually convenient time and date. The same was true for Plaintiff's Emergency Motion to Compel. Additionally, the Court granted Plaintiff's last-minute request to have a United States Magistrate Judge conduct a mediation in this case (within mere days before the deadline for mediation expired after there was apparently no agreement to mediate at a mutually agreeable time and date between the Parties). As such, the Court determined that this case has been unnecessarily delayed and the Court would no longer allow any such delays. The Court has implicitly found,

---

[1] The Court notes that the arguments are almost identical in Defendant's Motion for Judgment on the Pleadings and Defendant's Motion for Summary Judgment. Defendant referenced multiple documents in support of both Motions.

in adopting the reasons argued by Defendant when denying Plaintiff's various discovery-related motions, that Plaintiff's so-called discovery problems are of his own making and obstinacy. Plaintiff's inability to timely conduct any depositions is a problem he has created. The Court's Scheduling Order allowed more than sufficient time for depositions to have been completed.

Upon review of Defendant's Motions, the Court finds that Defendant's Motion for Summary Judgment and Motion for Judgment on the Pleadings should be **GRANTED** for the reasons argued therein and the documents cited and attached in the Appendix in Support of the Motion for Summary Judgment. The Court further finds upon review of Plaintiff's Motion to Stay Proceedings Pending Plaintiff's Petition for Writ of Mandamus and/or Prohibition or Alternatively (Plaintiff's Third Rule 56(d) Motion to Deny Defendant's Motion for Summary Judgment or Alternatively for Extension of Time to File Response to Defendant's Motion for Summary Judgment) Alternative Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment, or Alternatively Plaintiff's Rule 56(d) Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment should be **DENIED**.

Plaintiff's claims in the above-styled and -numbered civil action are **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Dated this 17th day of June, 2024.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE